UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ELIONE ADDERLY,

    Plaintiff,

v.                                        Case No. 5:18-cv-220-MCR/MJF

K JOHNSON and OWENS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned by the clerk of the court. Because it is devoid of merit, the undersigned respectfully recommends that Plaintiff's "Motion for Judgement by Default" (Doc. 38) be denied.[1]

**I.  Background**

Plaintiff filed this civil rights case in September 2018, (*see* Doc. 1), and this court ordered service of the Defendants. On February 22, 2019, Owens filed a motion to dismiss, to which Plaintiff never responded. On May 13, 2019, the undersigned ordered Owens to amend her motion to dismiss and imposed a 21-day deadline to do so. On June 3, 2019, Defendant filed an amended motion to dismiss

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

and served Plaintiff at the Apalachee Correctional Institution. (Doc. 29). Apparently Plaintiff never received the amended motion to dismiss, probably because he failed to keep the clerk of the court apprised of a change in his mailing address. Because he did not receive the amended motion to dismiss, Plaintiff seeks a default judgment.

**II.     Standard**

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thus, under this Rule, a "district court may enter a default judgment when a defendant has failed to plead or defend." *Estate of Faull by Jacobus v. McAfee*, 727 F. App'x 548, 551 (11th Cir. 2018); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). Default judgments are generally disfavored, however, in light of the important policy of determining cases on their merits. *Surtain*, 789 F.3d at 1244-45; *Fla. Phy.'s Ins. v. Ehlers*, 8 F.3d 780 (11th Cir. 1993); *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984). Entry of a default and a default judgment is warranted only when the facts and pleadings provide a sufficient basis. *Id.* at 1245. Furthermore, "district courts have broad discretion to determine whether a default judgment is appropriate in a given case . . . ." *Estate of Faull by Jacobus*, 727 F. App'x at 552.

### III.   Discussion

Plaintiff has not shown that he is entitled to entry of a default or a default judgment. Plaintiff argues that because Owens failed to file an amended motion to dismiss, she has defaulted. A review of the record, however, shows that Owens filed an amended motion to dismiss *before* the court-imposed deadline. (Doc. 29). Defendant Owens also certified that she served Plaintiff at his address of record: Apalachee Correctional Institute. (*id.* at 14). Plaintiff may not have received Owens's amended motion because Plaintiff's mailing address changed and he failed to apprise the clerk of the court. (Doc. 40). Regardless, Owens has not defaulted on any obligation and has complied with the undersigned's orders. Plaintiff, therefore, is not entitled to entry of a default, much less a default judgment.

### IV.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's "Motion for Judgement by Default" (Doc. 38) be **DENIED.**

At Panama City, Florida this <u>18th</u> day of July, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.